■ FRANCIS K. SPRINGER et al., Respondents, v SERGE ELEVATOR COMPANY, INC., Respondent, and LOCKWOOD MANOR HOME FOR ADULTS et al., Appellants. (And a Third-Party Action.) [621 NYS2d 637] —In an action to recover damages for personal injuries, etc., the defendants Lockwood Manor Home for Adults and Lockwood Enterprises, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered August 28, 1992, as, upon a jury verdict finding the appellants 60% at fault in the happening of the accident, is in favor of the plaintiffs and against them in the principal sum of $233,993.74.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs payable by the respondents

appearing separately and filing separate briefs, and the complaint is dismissed insofar as it is asserted against the defendants Lockwood Manor Home for Adults and Lockwood Enterprises, Inc.

The plaintiff Francis K. Springer, a senior elevator inspector for the City of New Rochelle, sustained injuries while he was inspecting a new controller for an elevator which was installed by the defendant Serge Elevator, Inc., in a building owned and operated by the defendants Lockwood Manor Home for Adults and Lockwood Enterprises, Inc. (hereinafter Lockwood). During the trial the plaintiffs signed a stipulation of settlement with the defendant Serge Elevator, Inc.

On appeal, Lockwood principally claims that its failure to timely schedule a five-year full-load safety test for the subject elevator was not a proximate cause of the injured plaintiff's accident. We agree. It is clear from the record that the injured plaintiff failed to establish a prima facie case of negligence as against Lockwood. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.